IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES FIRE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL CASE NO. 3:23-cv-133-ECM [WO] |
| PROVISION CONTRACTING SERVICES, LLC, *et al.*, | ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION and ORDER**

**I.  INTRODUCTION**

This matter concerns three parties: United States Fire Insurance Company ("USFIC"), a surety company incorporated in Delaware; Provision Contracting Services, LLC ("Provision"), a construction contractor located in Alabama; and Nicholas D. Dowdell ("Dowdell"), Provision's sole member.  In November 2020, the parties entered into an indemnity agreement in which Provision and Dowdell (collectively, "the Defendants") agreed to indemnify USFIC for any losses that may result from the issuance of bonds to Provision for three construction projects.  Shortly after, Provision experienced financial difficulties, rendering it unable to perform its obligations on the construction projects.  USFIC then stepped in to complete the projects and satisfy claims made on the bonds.  In doing so, USFIC incurred large expenses.

Afterwards, USFIC demanded that Provision and Dowdell perform their indemnity obligations under the agreement, but the Defendants refused.  Subsequently, USFIC sued

the Defendants in this Court. (Doc. 1).  Nine months later, upon application by USFIC, the Clerk of the Court entered default against the Defendants. (Doc. 33).  Now pending before the Court is USFIC's motion for default judgment. (Doc. 36).  Upon an independent review of the record, and for the reasons that follow, the motion is due to be granted.

## II.  JURISDICTION AND VENUE

The Court has subject matter jurisdiction over the claims in this matter pursuant to 28 U.S.C. § 1332.  Personal jurisdiction and venue are uncontested, and the Court concludes that venue properly lies in the Middle District of Alabama. *See* 28 U.S.C. § 1391.

## III.  LEGAL STANDARD

A default judgment may be entered where a defendant "has failed to plead or otherwise defend as provided by these rules." FED. R. CIV. P. 55(a).  While the Eleventh Circuit has a "strong policy of determining cases on their merits" and "therefore view[s] defaults with disfavor," *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003), it is well-settled that a "district court has the authority to enter default judgment for failure . . . to comply with its orders or rules of procedure." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985).

"When a defendant defaults, he 'admits the plaintiff's well-pleaded allegations of fact.'" *Giovanno v. Fabec*, 804 F.3d 1361, 1366 (11th Cir. 2015) (quoting *Lary v. Trinity Physician Fin. & Ins. Servs.*, 780 F.3d 1101, 1106 (11th Cir. 2015)).  Therefore, "the allegations must be well-pleaded in order to provide a sufficient basis for the judgment entered." *De Lotta v. Dezenzo's Italian Rest., Inc.*, 2009 WL 4349806, at *2 (M.D. Fla. 2009) (citing *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307

(11th Cir. 2009)).[1]  A complaint is "well-pleaded" when it satisfies the requirements set out in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  Specifically, "the factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555. "[A] formulaic recitation of the elements of a cause of action will not do." *Id.*

The court may, but is not required to, hold a hearing before entering a default judgment.  Further, "[g]iven its permissive language, Rule 55(b)(2) does not require a damages hearing in every case." *Giovanno*, 804 F.3d at 1366.

## IV.  FACTS[2]

### A.  Factual Background

On November 30, 2020, USFIC entered into an indemnity agreement ("the Agreement") with Provision and Dowdell, who each "jointly and severally, promised to exonerate, indemnify, and hold USFIC harmless from all 'Loss', cost, or expense, which may result from the issuance of any bonds to Provision." (Doc. 1 at 2) (footnote omitted). The Agreement, which is incorporated into USFIC's complaint by reference, defines "loss" as:

> [A]ll demands, liabilities, losses, costs, damages and expenses
> of any kind, including legal fees and expenses, court costs,
> technical, engineering, accounting, consultant, expert witness

---

[1] Here, and elsewhere in this opinion, the Court cites nonbinding authority.  While the Court recognizes that these cases are not precedential, the Court finds them persuasive.

[2] This recitation of the facts is based on USFIC's complaint (doc. 1) and the affidavits and exhibit submitted with USFIC's motion for default judgment (docs. 37, 38), which the Court can consider without converting USFIC's motion into a motion for summary judgment. *See Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005).  So long as the documents are "(1) central to the plaintiff's claim and (2) undisputed," meaning "the authenticity of the document[s] [are] not challenged," the Court may rely on the affidavits and exhibit in this context. *See id.*

and/or other professional fees and expenses, including the cost of in-house professionals, which [USFIC] incurs, or to which it may be exposed, in connection with any Bond or this Agreement, including but not limited to all loss and expense incurred by reason of: (i) [USFIC's] having executed any Bond or any other instrument or any Modification thereof; . . . (iii) [USFIC's] prosecuting or defending any action in connection with any Bond; . . . (v) [USFIC's] recovering or attempting to recover Property (as hereinafter defined) in connection with any Bond or this Agreement; (vi) [the Defendants'] failure to perform or comply with any promise, covenant, or condition of this Agreement; (vii) [USFIC's] enforcing by litigation or otherwise any of the provisions any of the provisions of this Agreement; and (viii) all interest accruing thereon at the maximum legal rate . . . .

(Doc. 1-4 at 2, para. 2).  The Agreement also requires the Defendants to complete other

obligations, such as providing "current financial information to [USFIC] until such time as

all obligations of the [Defendants] hereunder have been discharged." (*Id.* at 3, para. 12).[3]

The Agreement further specifies that it is governed by "the laws of the State of New York."

(Doc. 1-4 at 4, para. 16).

After executing the Agreement, USFIC issued performance and payment bonds on

behalf of the Defendants.  The bonds covered three specific construction projects: a road

repair, a Tuskegee University meat processing plant project, and an elevator repair

(collectively, "the Projects").  The bonds pertaining to the road repair and the elevator

repair projects listed Provision as the principal and the United States of America as the

---

[3] Paragraph 12 of the Agreement states, in part, that USFIC, "at any time, shall have continuous and uninterrupted access to the books, records, accounts, and non-consumer and consumer credit reports of the [Defendants] and to all matters and information concerning any Bond(s) or instrument(s) executed by [USFIC] and the financial condition, credit worthiness and assets of any [Defendant] until the liability of [USFIC] under each and every Bond or other instrument executed by it and each and every obligation of the [Defendants] under this Agreement is terminated and discharged to the satisfaction of [USFIC]."

owner.  The bond pertaining to the Tuskegee University meat processing plant project listed Provision as the principal and Tuskegee University as the owner.

Sometime during the construction process of the Projects, Provision experienced financial difficulties, rendering it unable to perform.  Upon learning of Provision's financial struggles, USFIC completed the Projects and satisfied the claims on the three bonds, "incur[ring] significant fees and expenses" while doing so. (Doc. 1 at 5).  The Defendants did not indemnify USFIC for its losses.  Subsequently, USFIC "made demands upon the [Defendants] for collateral and for information." (*Id.*).  These requests have not been honored by the Defendants, who "have refused to perform their obligations to USFIC as provided in the Indemnity Agreement." (*Id.*).

**B.  Procedural Background**

On March 9, 2023, USFIC filed a complaint against the Defendants in this Court, alleging five counts against the Defendants: Count One – Breach of Indemnity Agreement; Count Two – Common Law/Equitable Indemnity, Reimbursement, and Exoneration; Count Three – Specific Performance of Obligations of Indemnitors; Count Four – Collateralization/*Quia Timet*; and Count Five – Application for Preliminary Injunction. (*See generally* doc. 1).  For three months, USFIC unsuccessfully attempted to serve Provision and Dowdell. (Docs. 7, 10, 11, 16, 17, 20, 21).  Eventually, USFIC moved the Court to extend the time for service and to allow service by publication. (Doc. 24).  The Court granted the extension of time but denied the motion in all other respects. (Doc. 25). Thereafter, USFIC again attempted to effectuate service on the Defendants to no avail (doc. 28), before moving to, once more, extend the time for service and allow service by

publication (doc. 29).  This time, the Court granted their motion for service by publication. (Doc. 30).  USFIC filed proof of publication (doc. 31) before ultimately applying to the Clerk for an entry of default against the Defendants about a month later (doc. 32).  The Clerk then entered default on December 20, 2023. (Doc. 33).  Soon thereafter, USFIC filed the pending motion. (Doc. 36).[4]

## V.  DISCUSSION

The Clerk's entry of default against the Defendants amounts to an admission of all USFIC's well-pleaded allegations. *See Giovanno*, 804 F.3d at 1366.  Consequently, so long as USFIC's motion for default judgment presents "a sufficient basis in the pleadings for the judgment entered," default judgment against the Defendants should follow. *Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[5]

USFIC seeks default judgment on Count One, its breach of contract claim, in which USFIC alleges that the Defendants have failed to "perform their obligations to USFIC as specified by the Indemnity Agreement, thereby materially breaching the agreement." (Doc. 1 at 6, para. 23).  USFIC looks to recover damages (including attorneys' fees) and receive "an Order requiring Defendants to provide current financial information and access to books and records under paragraph 12 of the Indemnity Agreement." (Doc. 45 at 2).

---

[4] USFIC's motion for default judgment is document number 36.  It initially filed a brief in support (doc. 41) before filing a supplemental brief in support at the request of the Court (doc. 45).

[5] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

### A.  Default Judgment

First, the Court determines whether the allegations in USFIC's complaint, which have all been deemed admitted by the Defendants, provide a sufficient basis to enter default judgment against the Defendants.  In Count One of the complaint, the count on which USFIC seeks a default judgment, USFIC alleges that the Defendants have failed to comply with their obligations under Agreement in three principal ways:  (1) indemnifying USFIC for any and all loss, including attorneys' fees from this matter; (2) providing USFIC with continuing access to current financial information, books, and records; and (3) depositing collateral with USFIC as security.

Under New York law,[6] "[t]he right of one party to shift the entire loss to another—indemnification—may be based upon an express contract or an implied obligation." *Bellevue S. Assocs. v. HRH Const. Corp.*, 579 N.E.2d 195, 200 (N.Y. 1991).  When the right is based on an express contract, *i.e.*, contractual indemnification, the right "depends upon the specific language of the contract." *George v. Marshalls of MA, Inc.*, 878 N.Y.S.2d 143, 148 (N.Y. App. Div. 2009).  If a valid indemnity agreement exists in the contractual language, "the surety is entitled to indemnification upon proof of payment, unless payment

---

[6] When a federal court decides a state law claim pursuant to diversity jurisdiction, it applies the choice of law rules of the forum state in which it sits. *Boardman Petroleum, Inc. v. Federated Mut. Ins. Co.*, 135 F.3d 750, 752 (11th Cir. 1998).  Therefore, this Court applies Alabama's choice of law provisions, meaning "a contract is governed by the laws of the state where it is made except where the parties have legally contracted with reference to the laws of another jurisdiction." *Cherry, Bekaert & Holland v. Brown*, 582 So.2d 502, 506 (Ala. 1991) (citing *Macey v. Crum*, 30 So. 2d 666 (Ala. 1947)).  Here, the parties have contractually agreed that the Agreement "shall be governed by the law of the State of New York, without regard to conflicts of laws principles." (Doc. 1-4 at 4, para. 16).  Thus, the Court analyzes USFIC's claims under New York law in determining whether USFIC has alleged sufficient facts to support default judgment against the Defendants.

was made in bad faith or was unreasonable in amount, and this rule applies regardless of whether the principal was actually in default or liable under its contract with the obligee." *Frontier Ins. Co. v. Renewal Arts Contracting Corp.*, 784 N.Y.S.2d 698, 700 (N.Y. App. Div. 2004).

Here, the language of the Agreement supports a contractual right to indemnification (doc. 1-4 at 2, para. 5); a continuing obligation on behalf of the Defendants to provide USFIC with financial information, books, and records (*id.* at 3, para. 12); and a requirement that the Defendants deposit collateral security upon USFIC's demand (*id.* at 2, para. 7). USFIC alleges that the Defendants agreed to such terms and that, despite requests to adhere to their promises, they "have otherwise refused to perform their obligations to USFIC as specified by the Indemnity Agreement." (Doc. 1 at 6). These factual allegations, which are now admitted by the Defendants, are well-pleaded. (*See id.* at 4–5). Accordingly, USFIC has stated a claim for breach of the Agreement and is entitled to default judgment on Count One against the Defendants.

**B. Remedies**

Having determined that USFIC is entitled to default judgment on Count One, the Court now turn to the issue of remedies for the Defendants' breach of the Agreement. USFIC seeks remedies for two aspects of the Defendants' noncompliance: (1) damages as to the indemnification; and (2) specific performance as to the Defendants' failure to provide financial information, books, and records. USFIC does not seek a remedy for the Defendants' failure to deposit collateral security.

### 1. Damages

First, the Court addresses the issue of damages.  USFIC argues that it is "entitled to be indemnified from Mr. Dowdell and Provision for all loss and expense incurred by USFIC by reason of having executed the Bonds." (Doc. 45 at 4).  USFIC claims that its loss, as defined by the Agreement, totals $4,553,647.54. (*Id.*).  Included in USFIC's calculation is its attorneys' fees in this matter, $63,557 (doc. 38), to which USFIC argues it is entitled under the Agreement.  In light of the affidavit submitted by USFIC and its attached exhibit (doc. 39) detailing USFIC's expenses and loss pursuant to the bonds, the Court finds that USFIC is entitled to damages for the Defendants' failure to indemnify expenses and loss in the amount of $4,490,090.54 (the total loss minus the attorneys' fees).  Whether USFIC may recover the additional $63,557 in attorneys' fees is a separate issue requiring further analysis.

New York law generally categorizes attorneys' fees as "incidents of litigation[,] and a prevailing party may not collect them from the loser unless an award is authorized by agreement between the parties, statute[,] or court rule." *Hooper Assocs., Ltd. v. AGS Computers, Inc.*, 548 N.E.2d 903, 904 (N.Y. 1989).  However, if a valid agreement between the parties exists, "counsel fees are but another form of damage which may be indemnified." *Id.*

The *Hooper* court reasoned that, in that instance, the language in the parties' agreement describing covered loss did not "exclusively or unequivocally" refer to claims between the parties or "support an inference that defendant promised to indemnify plaintiff for counsel fees in an action on the contract." *Id.* at 492.  But the Agreement here is

different.  In this case, the Agreement between USFIC and the Defendants plainly provides for recovery of attorneys' fees, including those attorneys' fees which arise from USFIC's "prosecuting or defending any action in connection with any Bond" or USFIC's "enforcing by litigation or otherwise any of the provisions of this Agreement." (Doc. 1-4 at 2, para. 2).  The inclusion of such language in the Agreement unequivocally evinces the parties' intent to include indemnification for attorneys' fees stemming from claims between the parties, such as those from this action.  Because the Agreement "clearly cover[ed] [these] circumstances and permitted [USFIC] to seek indemnity from [the Defendants] for the counsel fees incurred in defending such claims," USFIC is entitled to recover the entirety of damages it seeks, including attorneys' fees. *See Hooper*, 548 N.E.2d at 906.  Considering both affidavits submitted by USFIC with its motion (docs. 38 and 39), the Court finds that no hearing is needed to award USFIC damages in the amount of $4,553,647.54 for the Defendants' failure to indemnify in accordance with the parties' Agreement, which amount includes USFIC's attorneys' fees.

### 2. Specific Performance

The Court next considers whether USFIC is entitled to an order requiring specific performance from the Defendants.  USFIC requests "an Order requiring Defendants to provide current financial information and access to books and records under paragraph 12 of the Indemnity Agreement." (Doc. 45 at 2).

Paragraph 12 of the Agreement puts the Defendants under a "continuing obligation to provide current financial information to [USFIC] until such time as all obligations of the [Defendants] hereunder have been discharged." (Doc. 1-4 at 3, para. 12).  The Agreement

10

further states that USFIC's access to the information must be "continuous and uninterrupted." (*Id.*). Specific performance, an equitable remedy, "is available in the court's discretion when the remedy at law is inadequate." *In re Town Bd. of Town of Brighton ex rel. Town of Brighton v. W. Brighton Fire Dep't, Inc.*, 7 N.Y.S.3d 736, 739 (N.Y. App. Div. 2015) (quoting *Pecorella v. Greater Buffalo Press*, 486 N.Y.S.2d 562, 563 (N.Y. App. Div. 1985)). The party seeking such a remedy "must come into court with clean hands." *Id.* (quoting *Pecorella* 486 N.Y.S.2d at 563).

Other federal courts "have enforced similar provisions in indemnity agreements, requiring indemnitors to provide a surety with access to their books and financial records." *Colonial Sur. Co. v. A&R Cap. Assocs.*, 420 F. Supp. 3d 38, 48 (E.D.N.Y. 2017) (citing numerous federal cases in which courts granted specific performance requests by sureties seeking access to financial information, books, and records). Paragraph 12 of the Agreement, which is similar to the provision in the cases identified by the court in *Colonial*, allows USFIC access to the Defendants' books and records. USFIC alleges that it has complied with its obligations under the Agreement and that the Defendants failed to produce the books and records upon USFIC's request. Thus, the Defendants' failure to produce their books and records entitles USFIC to a remedy which would place the parties in the same position to which they already contractually agreed. Moreover, because the Defendants' obligation is a continuing one and the Defendants have not been discharged from the Agreement, USFIC remains entitled to access the Defendants' financial information, books, and records. *See Colonial*, 420 F. Supp. 3d at 49; *see also Hartford Cas. Ins. Co. v. Cal-Tran Assocs., Inc.*, 2008 WL 4165483, at *6 (D.N.J. Sept. 4, 2008)

(applying New York law to a similar provision and finding that the indemnitor's obligation to produce books and records "continues to be in effect").

Accordingly, USFIC is entitled to damages totaling $4,553,647.54, as well as an order allowing USFIC access to the Defendants' financial information, books, and records.

## VI. CONCLUSION

For the reasons stated, and for good cause, it is

ORDERED as follows:

1.    USFIC's motion for default judgment (doc. 36) is GRANTED, and judgment will be entered in favor of USFIC and against the Defendants on Count One;

2.    USFIC is awarded damages in the amount of $4,553,647.54, plus prejudgment interest, for the default judgment;

3.    The Defendants are ORDERED to provide USFIC with current financial information and access to their books and records pursuant to Paragraph 12 of the Agreement.

DONE this 26th day of June, 2024.

_____/s/ Emily C. Marks_____
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE